[No. 3932.   Decided December 16, 1902.]

S. F. ALDEN, *Appellant*, v. LOUIS D. CAMPBELL, *Mayor
of the City of Tacoma, Respondent.*

MUNICIPAL CORPORATIONS — SALARIES OF OFFICERS — CHARTER PROVI-
SIONS — EVASION BY CONTRACT.

Under § 216 of the city charter of Tacoma, which provides that
the city council shall fix by ordinance the salary of all other offi-
cers and employees than those fixed by charter, but "that said
salaries shall never exceed the following" (designating certain
officers and salaries and adding): "any other officer or agent,
$1,200 per annum," a contract between the city of Tacoma and
the plaintiff, whereby the latter should overhaul, repair and revise
the city's electric lighting system for a period of eight months
in consideration of the sum of $1,200, payable in monthly install-
ments not exceeding $150 per month, was virtually a contract of
employment by the month, and hence void as being a violation of
such charter provision.

Appeal from Superior Court, Pierce County.—Hon.
JAMES A. WILLIAMSON, Judge.   Affirmed.

*Charles Bedford,* for appellant.

*William P. Reynolds* and *Emmett N. Parker,* for re-
spondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action for mandamus against
the mayor of the city of Tacoma, a city of the first class, to
compel him to sign a warrant in favor of the appellant,

which warrant was alleged to have been due appellant by reason of a contract entered into with the city.    Upon the application for said mandamus, respondent interposed a demurrer to the same, which demurrer was sustained by the trial court, and from the judgment thereon this appeal is taken.

Section 216 of the city charter, which specifies the elective officers of said city, fixes their salaries and provides as follows:

"The city council shall fix by ordinance the salary of all other officers and employees provided by this charter or that may be created by ordinance; provided, that said salaries shall never exceed the following:

| | | |
|---|---|---|
| City Attorney | $2,400 | per annum. |
| Chief of Police | 1,200 | "    " |
| Chief of Fire Department | 1,200 | "    " |
| Commissioner of Public Works | 1,700 | "    " |
| City Engineer | 1,700 | "    " |
| Any other officer or agent | 1,200 | per annum." |

Evidently it was thought that it was unlawful to employ an electrician for a compensation greater than $1,200 per annum without additional legislation, and, the council desiring to employ appellant, and appellant presumably demanding a larger compensation than $1,200 per annum, an ordinance was passed authorizing and directing the commissioner of public works to make and enter into a contract with appellant for the overhauling, repairing, and revising the lines used for carrying electric current and the lighting system of the city of Tacoma, for a period of eight months, and providing that the said contract should provide for the payment of the sum of $1,200 to the appellant, for the performance of said work, in monthly installments not exceeding $150.    Upon the basis of this ordinance the following agreement was entered into:

"It is hereby mutually agreed between the parties hereto that the said S. F. Alden shall overhaul, repair and revise the lines used in the city of Tacoma for carrying electric current and the city's electric lighting system for a period of eight months, and in consideration of the performance of said work the city of Tacoma will pay to the said S. F. Alden the sum of $1,200; said sum of $1,200 shall be paid in monthly installments, not exceeding $150 per month, beginning the first day of December, 1899."

Signed by Alden and the authorized agents of the city. The question is upon the legality of the contract.

It is contended by the appellant that he is neither an officer nor an agent of the city, but a mere temporary employee; that the charter inhibition does not apply to employees of this character, and that the council has a right to make such contract with its employees, as in its judgment is proper; that the contract in question is not a contract of employment by the month, but is similar in its nature to a contract for grading streets, constructing buildings, or overhauling buildings, etc. We are, however, unable to so construe this contract, or the charter provision in question. The provision of the charter must, of course, be construed with reference to the benefits sought to be obtained and the evils sought to be avoided by its enactment. The result sought to be attained was a protection to the tax payers of the municipality by a limitation on the powers of the city council over the salaries of the city's regular officers and employees, no matter by what names they might be designated. Under the contract this appellant might have been appropriately termed, and was in fact, a city electrician, and the manner in which he was employed cannot change the real character of the employment. He was not to be paid as a street grader is paid; when he accomplishes so much work, or as an expert is

paid; but he is paid $1,200 for eight months' services, in monthly installments not exceeding $150 per month; and, if the city and the appellant see fit to renew this contract from time to time, the result will be that the city will have permanently on its pay roll, as it now has temporarily, a city electrician receiving a salary of $150 a month, in plain violation of the charter provision. We think the passage of the ordinance and the contract entered into thereunder were an evasion of the charter provision, and they will not be sustained.

The judgment is affirmed.

REAVIS, C. J., and ANDERS and MOUNT, JJ., concur.